# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5218**                    **September Term, 2023**

**1:21-cv-02220-TSC**

**Filed On:** July 5, 2024

David J. Rudometkin, et al.,

      Appellees

Alexander L. Driskill,

      Appellant

    v.

Lloyd J. Austin, III, in his capacity as the
Secretary of Defense,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Rao, and Childs, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the Rule 28(j) letter, and the motion to add a party, it is

**ORDERED** that the motion to add a party be denied. Appellant has not shown that "special circumstances" justify adding a party on appeal. See Mullaney v. Anderson, 342 U.S. 415, 416-17 (1952). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's August 17, 2023 order dismissing the case be affirmed. Appellant has not shown that he has standing to challenge the government's vaccine requirements. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (standing requires a showing that the appellant has suffered an injury in fact, that the injury is fairly traceable to the government's conduct, and that it is likely to be redressed by a favorable judicial decision). Where, as here, a plaintiff seeks only injunctive and declaratory relief, he "must show he is suffering an ongoing injury or faces an immediate threat of injury." Dearth v. Holder, 641 F.3d 499, 501 (D.C. Cir.

2011).  Any past injury to appellant from an alleged prior forcible vaccination is insufficient to establish standing to seek declaratory and injunctive relief.  See id. Moreover, appellant does not argue that he is unable to obtain exemptions from the government's ongoing vaccine requirements.  And his arguments that the government will forcibly vaccinate him in the future while an exemption request is pending or is being administratively appealed are based only on speculation, which is insufficient to establish injury.  See Elec. Priv. Info. Ctr. v. Pres. Adv. Comm'n on Election Integrity, 878 F.3d 371, 379 (D.C. Cir. 2017).  Additionally, appellant cannot establish standing based on alleged injury from the requirement to file a new exemption request every year, which is not an alleged injury upon which his complaint is based.  See Haase v. Sessions, 835 F.2d 902, 907 (D.C. Cir. 1987) (stating that "a plaintiff's standing to pursue a claim rests on the theory of injury presented in the complaint").  Finally, appellant has not contested the district court's conclusion that his challenge is moot insofar as it concerns the now-rescinded COVID-19 vaccine requirement, and thus he has forfeited any such argument.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (arguments not raised on appeal are forfeited).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**